## MOLLIE PHILLIPS v. WHITE SWAN LAUNDRY, INC.

(Filed 12 April, 1967.)

**Negligence § 37f—**

Evidence tending to show that defendant slipped and fell to her injury on a thin sheet of ice over the sidewalk in front of the door leading to defendant's place of business, and that the fall occurred early on the morning after a snow and sleet storm, *held* insufficient to be submitted to the jury on the issue of defendant's negligence.

APPEAL by plaintiff from *Lupton, J.,* September, 1966 Session, WILKES Superior Court.

The plaintiff, Mollie Phillips, instituted this civil action against the defendant, White Swan Laundry, Inc., to recover damages for the personal injuries she sustained when she stepped and fell on a thin coating of ice over the sidewalk in front of the door leading into the defendant's laundry. The fall and injury occurred on the early morning of January 2, 1964 in the Town of Elkin. The plaintiff alleged the defendant was negligent in permitting a "thin and almost impossible to see" coat of ice to remain on the sidewalk, creating a dangerous and hazardous condition, at or near the entrance to its place of business.

The evidence disclosed that snow and sleet fell throughout the Elkin area on January 1. During the night the temperature was below freezing and as a result, ice froze on the sidewalk in front of the defendant's place of business, creating a condition hazardous to defendant's customers.

The defendant, by answer, denied negligence, alleging that because of the weather conditions streets and sidewalks were slick and dangerous all over town; that the sidewalk where plaintiff fell was kept and maintained by the Town of Elkin; that plaintiff could and should have taken precaution to avoid injury and her failure in that respect caused or contributed to her injury.

At the close of the evidence the Court entered judgment of involuntary nonsuit. The plaintiff excepted and appealed.

*Charles M. Neaves, Moore & Rousseau by Larry S. Moore, for plaintiff appellant.*

*W. G. Mitchell, for defendant appellee.*

PER CURIAM. The evidence disclosed that snow and sleet fell throughout the area the day before the plaintiff sustained her injury. During the night, freezing temperatures had caused the town's sidewalks to become coated with a thin sheet of ice. The evidence failed to show the defendant was in control of or responsible for the

condition of the weather or of the sidewalk where the plaintiff fell. In cases of the character here disclosed, liability for injury attaches only where responsibility of the defendant for the dangerous condition is shown by the evidence. Failure to show negligence on the part of the defendant required nonsuit. The judgment is

Affirmed.